UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHIANA K. BARBOSA,

    Plaintiff,

v.                                                              Case No.:  3:20-cv-1425-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Shiana K. Barbosa seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA"), denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I. **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    A.     **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.  Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on February 1, 2019, alleging disability beginning on October 27, 2017. (Tr. 167, 605-606). The application was denied initially and on reconsideration. (Tr. 167, 179). Plaintiff requested a hearing, and on July 23, 2020, a hearing was held before

Administrative Law Robert Droker ("ALJ"). (Tr. 99-139). On August 13, 2020 and August 31, 2020, the ALJ entered decisions finding Plaintiff not under a disability from October 27, 2017, through the date of the decision. (Tr.240-274). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 15, 2020. (Tr. 283-287). Plaintiff appealed the decision to the District Court, which remanded the action to the Commissioner for further administrative proceedings under sentence six of 42 U.S.C. § 405(g). (Tr. 316-318). The District Court stayed the case pending the administrative proceedings. (Doc. 14). The Appeals Council vacated the ALJ's prior decisions and remanded the action to an administrative law judge for further proceedings. (Tr. 357-58).

On remand, the ALJ held another hearing on March 1, 2022. (Tr. 62-98). On March 22, 2022, the ALJ entered a decision finding Plaintiff not under a disability from October 27, 2017, through the date of the decision. (Tr.13-48). Plaintiff did not file exceptions to the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. (Tr. 1-2). The District Court reopened the case and vacated the remand order. (Doc. 17). The case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 25).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 27, 2017, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: "traumatic brain injury (TBI), post-traumatic stress disorder (PTSD), an anxiety disorder, drug addiction and alcoholism (DA&A), degenerative disc disease, headaches, fibromyalgia, gastrointestinal disorder, and obesity (20 CFR 404.1520(c))." (Tr. 15). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she needs to avoid ladders or unprotected heights; needs to avoid the operation of heavy, moving machinery; needs a low-stress work environment, meaning no production line; needs simple tasks; needs to avoid contact with the public; can occasionally bend, crouch, kneel, or stoop, but needs to avoid squatting or crawling; needs to avoid the push/pull of arm controls; needs to avoid the

operation of foot controls; and needs to avoid repetitive twisting of the neck.

(Tr. 19-20).

At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a learning-disabled teacher. (Tr. 46). At step five, the ALJ found that considering Plaintiff's age (40 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 46). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Marker, DOT[1] 209.587-034, light, unskilled, SVP 2

(2) Routing clerk, DOT 222.687-022, light, unskilled, SVP 2

(3) Eyeglass lens polisher, DOT 713.684-038, sedentary, unskilled, SVP 2

(4) Tube operator, DOT 239.687-014, sedentary, unskilled, SVP 2

(Tr. 47). The ALJ concluded that Plaintiff had not been under a disability from October 27, 2017, through the date of the decision. (Tr. 48).

**II.   Analysis**

On appeal, Plaintiff raises these five issues:

(1) The ALJ erred in failing to adequately consider Plaintiff's somatic symptoms disorder impairment during the sequential evaluation;

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(2) While the ALJ found Plaintiff had moderate limitations in interacting with others, the ALJ failed to include a limitation in the RFC for working with and around coworkers and supervisors;

(3) The ALJ erred in assessing the persuasiveness of consultative examiner Dr. Kirkendall's opinion for marked limitations in the ability to maintain attention and concentration and deal with stress;

(4) The ALJ failed to consider all of Plaintiff's limitations in assessing the RFC; and

(5) The record demonstrates the ALJ was biased.

(Doc. 22, p. 3, 6, 15, 22). The Court turns to the final issue regarding bias.

### A.   Bias

Plaintiff argues that the ALJ was biased. (Doc. 22, p. 22). Plaintiff claims that the ALJ overlooked, misconstrued, and mischaracterized a substantial portion of the evidence. (Doc. 22, p. 22). Plaintiff points to Dr. Kirkendall's opinion and the ALJ adopting the portions that supported his decision and disregarding the portions that did not. (Doc. 22, p. 22-23). Plaintiff argues another example is the ALJ to a June 2017 neuropsychological evaluation (which was before the alleged onset date) six times, but only citing once to a July 2021 neuropsychological evaluation. (Doc. 22, p. 23). Lastly, Plaintiff claims bias because the ALJ found Plaintiff had the severe impairment of drug addiction and alcoholism, but there is no evidence in the record of this condition. (Doc. 22, p. 23). The Court focuses on the last issue of drug addiction and alcoholism.

The Commissioner contends that Plaintiff provided no evidence in support of her allegation of bias. (Doc. 27, p. 20). The Commissioner argues that while Plaintiff points to the ALJ's consideration of the record to assert the ALJ was biased, Plaintiff does not show any knowledge the ALJ acquired outside the proceeding and does not show the ALJ displayed "such deep-seated and unequivocal antagonism as to render fair judgment impossible." (Doc. 27, p. 21).

The "impartiality of the ALJ is integral to the integrity of the system." *Hinson v. Colvin*, No. 2:14-cv-222-FtM-DNF, 2014 WL 6769341, at *3 (M.D. Fla. Dec. 1, 2014) (quoting *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996)). Still courts "start from the presumption that administrative adjudicators, such as ALJs are unbiased." *Id.* (citing *McClure*, 456 U.S. at 195-96)). "[A] claimant challenging this presumption carries the burden of proving otherwise." *Strople v. Colvin*, No. 3:13-cv-1518-J-34MCR, 2015 WL 1470866, at *7 (M.D. Fla. Mar. 31, 2015). This presumption "can be rebutted by showing a conflict of interest or some other specific reason warranting the ALJ's disqualification." *Reeves v. Soc. Sec. Comm'r*, 794 F. App'x 851, 855 (11th Cir. 2019) (citations omitted). The standard for showing bias is when:

> an objective, fully-informed law person would have significant doubt about a judge's impartiality. *In re Walker*, 532 F.3d 1304, 1310 (11th Cir. 2008). Generally, bias sufficient to disqualify a judge must stem from an extrajudicial source, except where a judge's remarks in a judicial context show such

> pervasive bias and prejudice that it constitutes bias against a party.

*Id.* at 855. As the Commissioner states, "[t]he presumption can be overcome only with convincing evidence that 'a risk of actual bias or prejudgment' is present." (Doc. 27, p. 20 (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975))).

At step two of the sequential evaluation, the ALJ listed one of Plaintiff's severe impairments as "drug addiction and alcoholism (DA&A)." (Tr. 15). The crux of the problem as Plaintiff argues is that none of the evidence suggests that Plaintiff has ever had a drug or alcohol problem. (Doc. 22, p. 23). The Commissioner does not dispute this statement. (Doc. 27 p. 20-21). And the Court also searched the record and found no evidence of a drug or alcohol problem.

Other than at step two, the only other mention in the decision about drug addiction and alcoholism is near the end when the ALJ states:

> There are references to the claimant's substance abuse in the medical evidence of record. However, since it is determined that the claimant is not disabled, the issue whether drug abuse and alcoholism (DA&A) is "material" to the disability, need not be addressed.

(Tr. 46).

The ALJ clearly erred in finding Plaintiff had a severe impairment of drug addiction and alcoholism. The ALJ later erred when finding the record contained references to Plaintiff's substance abuse in the medical evidence. The Court cannot determine how or why the ALJ included these errors in the record or what impact

these errors had on the ALJ's consideration of the entire record. These errors are significant and pose a risk of actual bias or prejudice in the ALJ's consideration of the entire record, including both the objective evidence and the subjective statements. Plaintiff deserves to have an administrative law judge review the correct record and decide Plaintiff's disability benefits without any taint of such severe impairments that do not exist, so that "a risk of actual bias or prejudgment" is not present. For these reasons, remand is warranted.

### B.     Remaining Issues

Plaintiff also challenges whether the ALJ correctly considered Plaintiff's somatic symptoms disorder, the RFC assessment, and the persuasiveness of Dr. Kirkendall, Ph.D.'s opinion. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's severe impairments, Plaintiff's somatic symptoms disorder, the RFC assessment, and the persuasiveness of Dr. Kirkendall, Ph.D.'s opinion. The Clerk of Court is directed to

enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on November 4, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties